**Quentin W. Lackey, ISB No. 9938**
LACKEY LAW GROUP
921 7th St. S.
Nampa, ID 83651
t: 208-466-3753
f: 208-475-8074
e: qlackey@lackeylawgroup.com


*Attorneys for the Brown's*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| DEBORAH EAVENSON BROWN, an individual, and DANIEL JOHN BROWN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF AMERICAN FALLS, CITY OF AMERCIAN FALLS FIRE DEPARTMENT, CJ SWEENY, individually and in his official capacity as the Fire Chief of American Falls Fire Department, JIM ANNEN, individually and in his official capacity as the Acting Fire Chief of American Falls Fire Department, GILBERT HOFMEISTER, individually and in his official capacity as City Mayor of the American, and JOHN/JANE DOES 1-10, individually and in their official capacities, <br><br> Defendants. | Case No: <br><br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. This is a civil-rights lawsuit arising from a Fire Department's unlawful incursion into a private residence outside any emergency circumstances or exigent circumstances.

COMPLAINT AND DEMAND FOR JURY TRIAL- Page 1

2.      Daniel John Brown and Deborah Evaenson Brown are owners of real property located at 1035 Falls Ave., American Falls, ID.

3.      Sometime prior to June 17, 2025, the Brown's installed an alarm system for the residence through Vivint. The system includes a doorbell with a camera and two-way communication mic and speaker for each of their exterior doors.

4.      On June 17, 2025, Deborah Eavenson Brown and Daniel John Brown were out of town on a trip. While they were out of town their alarm system had been issuing false alarms. The false alarms alerts were caused by an outage through their supplier and were not created or caused by any actions of the Brown's.

5.      Around 4:28 p.m. on June 17, 2025, an active alarm alert went out from the Brown's security system.

6.      Around 4:29 p.m. American Falls Police Department responded. The responding officer was Detective Forrest Peck.

7.      Around 4:29 p.m. the American Falls Fire Department dispatched a fire truck to the Brown's residence.

8.      Det. Peck arrived at the Brown's residence first; around 4:32 p.m.

9.      Through the Brown's doorbell mechanism Det. Peck was able to contact and communication with Deborah Brown.

10.     After speaking with Deborah Brown about the reason for his appearance, Det. Peck walked around the premises, checked on her three (3) dogs, and cleared the residence. No smoke was present, nor did it appear that anyone had entered the Brown's property without authorization.

11.    After completing his walk around, Det. Peck informed Deborah Brown that he cleared the residence.

12.    Two (2) of three (3) dogs owned by the Browns are specialized dogs. The smaller dog, a Corgi named Emma. Emma is a prized show dog. The other specialized dog, Rowdy, is a service dog for Ms. Brown who has a medical condition requiring a service animal. Rowdy is a Lab-Retriever mix and has been Mrs. Brown service dog for about four (4) years. Their last animal is a mixed-bred animal and is a pet.

13.    After completing his walk around and clearing the residence, Det. Peck sent out an all clear to all responding emergency services including the American Falls Fire Department at around 4:32 p.m.

14.    Around 4:32 p.m. the American Falls Fire Department fire truck arrived at the Brown's residence. The responding fire department personnel then did a walk around with Det. Peck.

15.    Upon arrival, then Acting Fire Chief Jim Annen and Det. Peck spoke. Det. Peck informed Mr. Annen, that he: spoke to the Browns, walked around the house, and had cleared the property prior to Mr. Annen arriving at the scene. Det. Peck further informed Mr. Annen that three (3) dogs were in the home.

16.    Acting Fire Chief Jim Annen, even with the all-clear indication from Det. Peck determined to do his own walk around the home.

17.    After completing his walk-around, at approximately 4:34 p.m. Acting Fire Chief Jim Annen, then entered the Brown's home through their doggy door.

18.    Acting Fire Chief Jim Annen then was observed by Det. Peck and the Brown's exiting the Brown's residence around 4:40 p.m.

19.    Det. Peck observed that Mr. Annen permitted Emma to escape the inner-fenced are of their yard.

20.    Det. Peck then observed Mr. Annen and other firefighters from the American Falls Fire Department corner and capture the dog. Mr. Annen accomplished this by jumping at Emma.

21.    Emma was injured by the actions of Mr. Annen and the other firefighters.

22.    Rowdy, who did not get out, has been traumatized by Mr. Annen accessing the Brown's home. It is unknown what happened in the home during the six (6) or, so minutes Mr. Annen was in the Browns' home. Since then, Rowdy has not been able to work as a service dog for Mrs. Brown.

23.    Emma, who Mr. Annen permitted to escape, was injured in the melee.

24.    For reasons unknown to the Browns, Mr. Annen determined that he personally needed to enter and clear the Browns' home even though Det. Peck informed him of the situation and had cleared the property.

25.    Mr. Annen's error was not an honest mistake.

26.    Mr. Annen's had no reason to enter the Brown's home. He had already been informed by Det. Peck that he had cleared the house, did not observe any smoke, saw flames, or notice anything else out of the ordinary.

27.    Since the intrusion of the Brown's home and the damage to their personal property, no one with the county or the City of American Falls has paid for the damage.

28.    Daniel John Brown and Deborah Evaenson Brown now assert claims under the Idaho State Constitution, the Constitution of the United States, 42 U.S.C. § 1983, and Idaho

Code § 5-219 for illegal search and seizure of their persons and property and for the intentional physical occupation and destruction of property for public use without just compensation.

## I.    JURISDICTION-VENUE-PARTIES

29.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), and other applicable law because this action arises under the Constitution and laws of the United States to redress Defendants' deprivation of the Browns' civil rights, and because those claims arising under Idaho law form part of the same case or controversy under Article III of the United States Constitution.

30.    This Court has specific personal jurisdiction over Defendants because they committed acts and omissions giving rise to the Browns' damage in Idaho.

31.    Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) and other applicable law because the defendants reside in Idaho and because a substantial part of the events or omissions giving rise to the case occurred in Idaho.

32.    Based upon information and belief, Plaintiffs timely presented a Notice of Idaho Tort Claim to the appropriate authority.

33.    This Notice was sufficient in all respects to preserve the Plaintiffs' rights to assert clams against the Defendants under Idaho state Law.

34.    The Plaintiffs are at all times material hereto are residents of Power County, Idaho.

35.    Defendant-City of American Falls are at all times material and was a governmental entity of the State of Idaho, more specifically City of American Falls, Power County, ID acting pursuant to its respective official, established policies, procedures, and practices.

36. Defendant Jim Annen ("Mr. Annen") is, (or was at the time of the underlying events) the Acting Fire Chief of the American Falls City Fire Department. He is sued in his individual and official capacities. Defendant CJ Sweeny (Mr. Sweeny"), is now the Fire Chief of the American Falls City Fire Department. He is sued in his individual and official capacities.

37. Mr. Annen, at the time of the underlying events, was ultimately responsible for the proper training, supervision, and control of John/Janes Does 1-10, and for the investigation and remediation of his employees' misconduct, including his own.

38. At all times material hereto, Defendants John/Jane Does 1-10 were (or at the time of the underlying events) responsible for the proper training, supervision, and control over their employees for their tactics, use of force, entry to property, protection of property, taking of property, and fire extinguishment, etc.

39. Defendants John/Jane Does 1-10 are people acting on behalf of Defendants and/or whose acts or omissions were actual, direct, and proximate causes of the excessive use of force, unlawful entry of property, unlawful use of property, unlawful taking, and/or negligent inflictions of emotional distress and/or intentional infliction of emotional distress. The true identities, acts, and/or omissions of John/Jane Does 1-10 are presently unknown. Plaintiffs will amend this Complaint to state the true names of John/Jane Does 1-10 and involvement if and when discovered.

40. Defendants John/Jane Does 1-10 were, at all times relevant to this Complaint, duly appointed deputies, agents, and/or employees of defendants' City of American Falls and City of American Falls Fire Department, acting under color of Idaho law and within the course and scope of their employment and in their individual capacities, in supervising, directing, controlling, and training defendants, Jim Annen and John/Jane Does 1-10.

41.    Plaintiff does not know the true names or identities of the defendants named herein as John/Jane Does 1 through 10 and therefore prays leave to amend this Complaint to substitute their names herein when their identities are ascertained.

42.    That the Defendant City of American Falls hires and manages the American Falls Fire Department and kept a policy involving the training, hiring, and development of the Fire Department, involving the training, hiring, and development of the Fire Department in its governmental functions.

43.    That the Defendant City of American Falls Fire Department, hires, manages, trains, and develops the policy that all fire fighters working for the Fire Department must adhere to, as well as interactions with the public and private citizens, and how fire fighters are permitted to enter or not enter a private citizen's home.

44.    The Defendants' actions were in clear violation of Plaintiffs' rights to be secure in their persons, houses, papers and effects, guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

## II.    INJURIES TO THE BROWNS

45.    After the unlawful intrusion into their home, the Browns, through their attorney, sent a letter to the City of American Falls, Power County, Idaho, and to the City of American Falls Fire Department. The insurance provider for the City of American Falls and its' Fire Department is unknown to notify the entities of the Browns' claim.

46.    The letter sought a prompt reply from the City of American Falls and its Fire Department, on September 26, 2024. The City of American Falls and its Fire Department did not respond or acknowledge the Browns' claim.

47.    As of the date of this filing, the city, their staff, agents, and their representatives have not acknowledged, paid, or communicated with the Browns regarding the damage to their property.

48.    Nor have the city, their staff, agents or their representatives offered to pay for any of the damage to the Browns' property.

49.    The government entities' non-payment of compensation is an element of the Browns' taking claims.

50.    The continuing non-payment of compensation is an ongoing violation of the Fifth Amendment's just compensation clause and the Idaho Constitution's just compensation requirement for takings.

51.    The Browns have suffered a deprivation of their rights to just compensation for the taking of their property for public use, under the Fifth Amendment and Article 1 Section 14 of the Idaho Constitution.

52.    The Browns suffered the deprivation of their right to their house while the Fire Department commandeered it.

53.    The Browns suffered the deprivation of their rights to exclude others from their house while the Fire Department unlawfully occupied it.

54.    The Browns suffered the deprivation of their rights to possess, use, and dispose of the property the Fire Department damaged or destroyed.

55.    The deprivation of the Browns' rights to just compensation for the taking of their property is continuing in nature.

56.     Mr. and Ms. Brown spent time and resources training, caring for their pets, repairing, and cleaning up as much as they could, the mess the city, fire department, and officers left behind.

57.     Mr. and Ms. Brown have been unable to afford a replacement service-animal for Ms. Brown.

58.     Mr. and Ms. Brown are out the funds paid, and out the time used to train their service animal and show animal.

59.     The property damage caused by unlawful access to their home includes the following:

      a.     Injury to Emma, the Brown's show dog,

      b.     Injury to Rowdy, the service dog,

      c.     Veterinary bills for both Emma and Rowdy,

      d.     Training costs for Rowdy, and

      e.     Training costs for Emma.

60.     Also, since the unlawful accessing and taking of their property, and because the city, its agents, and representatives did not pay just compensation to the Browns at the time of the taking, promptly after, and anytime since, the animals continue to suffer, and the Browns continue to suffer, especially, Ms. Brown since she has medical conditions that require a service animal.

61.     The stress of the unlawful access and taking of their property, and the damage that resulted in their animals, continue to contribute to Ms. Brown's medical conditions that flare up with added stress.

62.     Each time Ms. Brown has a flare up of her medical condition, she requires additional treatments and medication, resulting in medical bills for doctor's visits and hospitalizations.

63.     The visible property damage is a constant reminder of the traumatic assault on their family, home, and animals.

64.     The Browns' trust in their government and fire department officers has dramatically declined.

65.     Defendants City of American Falls, its' Mayor, City of American Falls Fire Department, Jim Annen, CJ Sweeny, and John Does 1 through 10 failed to properly train, supervise, direct, and/or control defendants John Does 1 through 10, Mr. Annen, and others, which was a proximate cause of Plaintiffs' constitutional injuries alleged herein.

66.     At all times material hereto, defendants City of American Falls, its' Mayor, City of American Falls Fire Department, Jim Annen, CJ Sweeny, and John and Jane Does 1 through 10, had official policies or customs permitting unlawful taking of a private citizen's property, of the kind exhibited toward Plaintiffs as described above, as evidenced by, *inter alia*, their training of their employees, fire chiefs, to do so, approval and/or ratification of its law enforcement officers doing so, and failure to adopt or implement departmental policies, rules, or regulations governing the need for the proper use of tactics and taking of a private citizen's property and/or minor child in their custody and care, which was a proximate cause of Plaintiff's constitutional injuries alleged herein.

67.     Defendants, City of American Falls, American Falls Fire Department, Jim Annen, and John and Jane Does 1 through 10 knew that the Plaintiffs property had been previously secured and no exigent circumstance existed warranting said Defendants entry into the Browns

property after Det. Peck informed that he had previously cleared the property and spoke to the Browns.

68.     As a direct and proximate result of the defendants' unlawful conduct as alleged above, Plaintiffs have suffered severe and irreparable physical, mental, and emotional injuries, pain, suffering, distress, anguish, **(embarrassment and humiliation)**, in **(addition to bodily injury)** in amounts to be proven at trial.

69.     The defendants' misconduct and adoption of official policies as alleged above were malicious, wanton, oppressive, and/or in reckless disregard of Plaintiff's federally protected rights, for which they are entitled to damages under 42 U.S.C. § 1983.

### III.    CLAIMS

#### Count 1

**Fourth Amendment and 42 U.S.C. § 1983**
**Unreasonable search and seizure of persons and property.**

**Brought by the Browns against defendants City of American Falls, its' Mayor, City of American Falls Fire Department, Jim Annen, CJ Sweeny, and John and Jane Does 1 through 10, in their individual capacity.**

70.     The Browns incorporate by reference and reallege the allegations in paragraphs 1-69 above.

71.     The Fourth Amendment (applicable to the states through the Fourteenth Amendment) protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

72.     The Fourth Amendment also provides that unless there are exceptions or exigent circumstances that permit entry without first obtaining a warrant. The Fourth Amendment states that "no Warrant shall issue, but upon probable cause, supported by Oaths or affirmation." U.S. Const. amend. IV.

73. 42 U.S.C. § 1983 provides a cause of action for the deprivation of rights secured by the Fourth and Fourteenth Amendments. If provides: "Every person who, under the color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law[.]"

74. A search or seizure of persons, houses, papers, or effects is unreasonable when unsupported by probable cause or any exigent circumstances.

75. An officer or state actor violates the Fourth Amendment by entering a private citizen's property without probable cause permitting the issuance of a Warrant or an exigent circumstance permitting such an entry.

76. Any reasonable office or state actor, who after being informed of the circumstances and conditions of the property, should have realized that the conditions for which police were notified no longer existed, and therefore there was not a need to enter the Plaintiffs' property or continue any investigation and search of the Plaintiff's property.

77. Upon being informed by Det. Peck that he had cleared the property and spoke with the Plaintiffs, any reasonable officer or state actor that showed up after Det. Peck cleared the property and spoke with the subsequent officer or state actor that appeared, would have known that emergency no longer existed requiring further investigation or search of the Plaintiffs' property.

78. Defendants City of American Falls, its' Mayor, City of American Falls Fire Department, Jim Annen, CJ Sweeny, and John and Jane Does 1 through 10, in their individual

capacity, caused the Plaintiffs and their property to be unreasonably searched and seized after the emergency call was previously cleared.

Count 2

**Fourth Amendment and 42 U.S.C. § 1983
Taking without just compensation.**

**Brought by the Browns against defendants, the Mayor of the City of American Falls in his official capacity, City of American Falls Fire Department in its official capacity, Jim Annen in his official capacity, CJ Sweeny in his official capacity, and John and Jane Does 1 through 10, in their official capacity.**

79. The Browns incorporate by reference and reallege the allegations in paragraphs 1-78 above.

80. The Fifth Amendment (applicable to the states through the Fourteenth Amendment) provides that "private property [shall not] be taken for public use, without just compensation."

81. The Taking Clause, with its just compensation requirement, applies to government action that intentionally or foreseeably destroyed private property for public use.

82. These provisions ensure that government does not force "some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40,49 (1960).

83. When, as here, officers or state actors on the government's authority intentionally destroy an innocent person's property to conduct a search after an emergency has ended, a *per se* taking has occurred, for which just compensation is required.

84. When, as here, officers or state actors on the government's authority intentionally occupy, inconsistent with the Fourth Amendment or state law, an innocent person's property to

conduct a search after an emergency has ended, a *per se* taking has occurred, for which just compensation is required.

85.     The officers and state actors of the City American Falls, its Fire Department intentionally commandeered and damaged or destroyed the Plaintiffs' property for the public use of entering their property when no emergency continued to exist.

86.     When property is taken for a public use, the Fifth Amendment requires just compensation.

87.     In other words, when property is taken for a public use, the Fifth Amendment requires just compensation without any strings attached.

88.     An offer to compensate an owner for property damage conditions on giving up all claims arising from the underlying incident does not satisfy the just compensation requirement of the Fifth Amendment. Defendants' actions were a seizure that was intentional, unreasonable, and contrary to clearly established law.

89.     The City of American Falls, its agents, officers, or Fire Department have not provided just compensation to the Plaintiffs.

90.     Nor has any officer, agent, or state actor from the City of American Falls, or its Fire Department provided just compensation to the Plaintiffs.

91.     Under the color of law, Defendants Mayor of the City of American Falls in their official capacity, the City of American Falls Fire Department in its official capacity, Jim Annen in his official capacity, CJ Sweeny in his official capacity, and John and Jane Does 1 through 10, in their official capacity failed to compensate the Plaintiffs for both the temporary and permanent taking of their property.

92.    This constitutional claim is brought under both 42 U.S.C. § 1983 and the Fifth Amendment itself, which is self-executing.

<u>Count 3</u>

**Idaho Constitution Article I, section 14 and
Idaho Code § 5-219
Taking without just compensation.**

**Brought by the Browns against defendants, the Mayor of the City of American Falls in his official capacity, City of American Falls Fire Department in its official capacity, Jim Annen in his official capacity, CJ Sweeny in his official capacity, and John and Jane Does 1 through 10, in their official capacity.**

93.    The Browns incorporate by reference and reallege the allegations in paragraphs 1-93 above.

94.    The Idaho Supreme Court has long held:

"Article 1, Section 14 of the Constitution of Idaho, is mandatory that private property may not be taken until a just compensation, to be ascertained in the manner prescribed by law, is paid. This Section is self-executing:'This provision of our Constitution to the extent of establishing the nature of the use required has been held to be self-executing and constitutes a grant of the power of eminent domain in behalf of the uses therein expressed. No action of the Legislature further than providing the procedural machinery by which the right may be applied is necessary. This is provided by the special proceedings in eminent domain enacted by the Legislature, and whether or not a right claimed under this provision of the Constitution is within the grant is held to be a judicial question to be determined by the courts.' Bassett v. Swenson, 51 Idaho 256, 5 P.2d 722, 725."

*Renninger v. State*, 213 P.2d 911, 915 (Idaho 1950).

95.    This provision is self-executing.

96.    Idaho Code § 5-219 also provides a cause of action against officers 'by doing an act in his official capacity' . . . 'an action for a penalty or fefeiture' . . . 'or for an injury to the person'. The Fifth Amendment (applicable to the states through the Fourteenth Amendment) provides that "private property [shall not] be taken for public use, without just compensation."

97.     The Taking Clause, with its just compensation requirement, applies to government action that intentionally or foreseeably destroyed private property for public use.

98.     These provisions ensure that government does not force "some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40,49 (1960).

99.     When, as here, officers or state actors on the government's authority intentionally destroy an innocent person's property to conduct a search after an emergency has ended, a *per se* taking has occurred, for which just compensation is required.

100.     When, as here, officers or state actors on the government's authority intentionally occupy, inconsistent with the Fourth Amendment or state law, an innocent person's property to conduct a search after an emergency has ended, a *per se* taking has occurred, for which just compensation is required.

101.     The officers and state actors of the City American Falls, its Fire Department intentionally commandeered and damaged or destroyed the Plaintiffs' property for the public use of entering their property when no emergency continued to exist.

102.     When property is taken for a public use, the Fifth Amendment requires just compensation.

103.     In other words, when property is taken for a public use, the Fifth Amendment requires just compensation without any strings attached.

104.     An offer to compensate an owner for property damage conditions on giving up all claims arising from the underlying incident does not satisfy the just compensation requirement of the Fifth Amendment. Defendants' actions were a seizure that was intentional, unreasonable, and contrary to clearly established law.

105. The City of American Falls, its agents, officers, or Fire Department have not provided just compensation to the Plaintiffs.

106. Nor has any officer, agent, or state actor from the City of American Falls, or its Fire Department provided just compensation to the Plaintiffs.

107. Under the color of law, Defendants Mayor of the City of American Falls in their official capacity, the City of American Falls Fire Department in its official capacity, Jim Annen in his official capacity, CJ Sweeny in his official capacity, and John and Jane Does 1 through 10, in their official capacity failed to compensate the Plaintiffs for both the temporary and permanent taking of their property.

108. This constitutional claim is brought under both 42 U.S.C. § 1983 and the Fifth Amendment itself, which is self-executing.

109. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover their reasonable attorney fees incurred in this matter.

110. Plaintiffs' legal remedies are inadequate as their injuries are irreparable and are likely to continue in the future, for which he is entitled to injunctive relief.

111. Plaintiffs demand trial by jury.

WHEREFORE, Plaintiffs prays for the following judgment and relief against the defendants, jointly and severally, as follows:

1. For a judicial declaration that the defendants' conduct and policies were in violation of Plaintiffs' rights secured by the United States Constitution.

2. For an award of nominal and compensatory damages against the Defendants in their individual capacity for the unconstitutional search and seizure of Plaintiffs persons, homes, and other property.

3. For an award of nominal and compensatory damages against the Defendants in their official capacity for the unconstitutional search and seizure of Plaintiffs persons, homes, and other property.

4. An award of just compensation against each of the Defendants in their official capacity, for the property taken from the Plaintiffs.

5. For injunctive relief, enjoining the defendants from similar future misconduct.

6. For an award of damages for, *inter alia*, Plaintiffs' physical, mental, and emotional injuries, pain, suffering, anguish, distress, in amounts to be proven at trial.

7. For an award of punitive damages in amounts to be proven at trial.

8. For an award of reasonable attorney fees.

9. For costs incurred in prosecuting this action.

10. For such other and further relief as this Court deems equitable and just.


DATED this 15th day of June 2026.


By: /s/ Quentin W. Lackey
Lackey Law Group
Quentin W. Lackey