UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBORAH EAVENSON BROWN, an individual, and DANIEL JOHN BROWN, an individual,<br><br><br>      Plaintiffs,<br><br>      v.<br><br>CITY OF AMERICAN FALLS, CITY OF AMERCIAN FALLS FIRE DEPARTMENT, CJ SWEENY, individually and in his official capacity as the Fire Chief of American Falls Fire Department, JIM ANNEN, individually and in his official capacity as the Acting Fire Chief of American Falls Fire Department, GILBERT HOFMEISTER, individually and in his official capacity as City Mayor of the American, and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>      Defendants. | Case No. 1:26-cv-00369-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Plaintiffs' Amended Motion to Set Reasonable Bond

(Dkt. 4). For the reasons explained below, the Court will grant the motion and

conditionally fix the bond amount at $500.

**ORDER - 1**

## BACKGROUND

Plaintiffs Deborah and Daniel Brown have sued the City of American Falls, the City of American Falls Fire Department, and various known and unknown fire department officials. Plaintiffs bring claims under 42 U.S.C. § 1983 for unreasonable search and seizure in violation of the Fourth Amendment and taking without just compensation in violation of the Fifth Amendment. Plaintiffs also seek to assert a claim under the Takings Clause of the Idaho Constitution and Idaho Code § 5-219. Pursuant to Idaho Code § 6-610, Plaintiffs ask the Court to set a bond of $500 so that they may proceed with their state law claims against the fire department officials and other law enforcement officers.

## ANALYSIS

Under Idaho law:

Before any civil action may be filed against any law enforcement officer or service of civil process on any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, or in any action upon the bond of any such law enforcement officer, the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court. The purpose of this requirement is to ensure diligent prosecution of a civil action brought against a law enforcement officer, and in the event judgment is entered against the plaintiff or petitioner, for the payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court.

Idaho Code § 6-610(2).

ORDER - 2

The bond requirement "does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *ET v. Lake Pend Oreille Sch. Dist. No. 84*, No. 2:10-cv-00292, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012). However, the bond requirement does apply to Plaintiffs' state-law claims. *Polatis v. Katseanes*, No. 4:21-cv-00392, 2021 WL 4497143, at *1 (D. Idaho Sept. 30, 2021).

This brings the Court to the question of the amount at which bond should be set. Under Idaho Code § 6-610(3), "the prevailing party shall be entitled to an award of costs as otherwise provided by law." To obtain an award of attorneys' fees, a prevailing party must show, "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." *Id.* § 6-918A; *see Beehler v. Fremont Cty.*, 182 P.3d 713, 716 (Idaho Ct. App. 2008) ("Section 6-918A is the exclusive means for determining when a party is entitled to receive attorney fees in an action pursuant to the ITCA.").

At this stage of the proceedings, based on the Court's review of the factual allegations in the complaint, as well as the factual allegations included in the pending motion, there does not appear to be any indication of bad faith in the commencement of this action, and thus no indication that the defendants, if they were to prevail in this action, would be entitled to attorney's fees under § 6-918A. Based on the information before it, the Court finds a minimal bond requirement in

ORDER - 3

the amount of $500 to be appropriate.

Finally, the Court notes that the defendants have neither been served nor entered an appearance in this action. The Motion to Set Bond is thus brought ex parte, and the defendants have not had an opportunity to respond to the motion or otherwise set forth their position regarding the amount of bond. However, § 6-610(4)-(7) create safeguards that allow the defendants to take exception to the sufficiency of the amount of the bond at any time during the course of this action. If, upon such exception, the Court finds the bond to be in an insufficient amount, the Court will require that a new bond in sufficient amount be filed by Plaintiff within five days of entry of the Court's order. *Id.* § 6-610(7). "If no such bond is filed as required by the order of the court," the state law claims against the law enforcement officers will be dismissed. *Id.*

## ORDER

**IT IS ORDERED** that:

1.  Plaintiffs' Amended Motion to Set Reasonable Bond (Dkt. 4) is **GRANTED**.

2.  Plaintiffs' Motion to Set Reasonable Bond (Dkt. 3) is **DENIED AS MOOT**.

3.  The Court conditionally sets the amount of the required bond at $500, subject to Defendants' right to except to that amount as set forth in Idaho Code § 6-610(4).

**ORDER - 4**

4. If such an exception is filed, the Court will then consider whether the bond

amount should be increased.

DATED: August 6, 2026

B. Lynn Winmill
U.S. District Court Judge

**ORDER - 5**